SOMMERVILLE, J.
Plaintiff alleges that it is the owner of property in the parish of Lafourche upon which the sheriff is seeking to collect taxes amounting to $2,649.33, for the benefit of road district No. 1, situated in said parish of Lafourche; that the sheriff is proceeding under ordinance No. 300 of the police jury of Lafourche, passed October 16, 1914; that the ordinance was adopted without due authority and without pursuing the forms of law required for an election and for the formation of the said road district; that the petition addressed to the police jury asking that the tax be imposed and election held was not signed by owners of property owning 25 per cent, of all the property of the road district; that the said petition was signed by the Godchaux Company, Inc., which could neither be a resident of the parish nor of the district; “that under the articles 232, 281, and 292 of the Constitution of 1913, no such ordinance could be passed, and no such tax could be assessed save and except for the purpose of erecting and constructing public buildings, public schoolhouses, bridges, wharves, levees, sewerage work, and other works of permanent public inprovement, the title to which shall be in the public;” that the tiple of no part of the road proposed to be built is in the public; that it is not a public road; that a portion of the road is on private property; that the use thereof has been granted to the public under the laws of the state, but that the title thereof belongs to the adjacent owners on whose fronts the said road runs; that portions of the road pass through property belonging to various private persons, and do not belong to the parish of Lafourche or said road district No. 1; that the district created by the said ordinance, under which the tax proposed to be assessed and is proposed to be collected, is manifestly unjust, illegal, and unconstitutional, in that it is a special tax, imposed to a great extent on property belonging to petitioner and used by it for its roadbed as a connecting link of a continuous railroad svstem extending to the Pacific Ocean; that the construction of the proposed road, instead of being a benefit to your petitioner, is creating a competing line of travel near to and adjacent to the land and right of way of your petitioner for the benefit of others and to the wrongdoing of your petitioner; that the ordinance is violative of articles 167, 232, 281, and 292 of the Constitution of 1913, and of article 2 of the Bill of Rights, which requires the title of such roads so proposed to be built to be vested in the public; that said ordinance violates your petitioner’s rights under the *193 Fourteenth. Amendment to the Constitution of the United States, and ordinance 299, creating the said district, is illegal and unconstitutional in that, at the time of the passage of said ordinance, September 10, 1914, A. T. Dusenbury, appointed by the said ordinance as one of the supervising board of the said road district, was not a resident of said road district No. 1, nor was he a resident of the parish of Uafourehe; “that article 281 of the Constitution of the state of Louisiana and the laws passed by the Legislature of the state of Louisiana in, pursuance thereto, and particularly Act 256 of the Legislature of 1910, and Act No. 218 of the Legislature of 1912, are null and void and unconstitutional, being repugnant to the Fourteenth Amendment to the Constitution of the United States, in that they attempt to authorize the taking of petitioner’s property without due process of law, and petitioner not being afforded thereby, or by any other of the laws of this state, notice or opportunity to be heard as to the creation of the said district, whether or not petitioner’s property should be included therein or whether or not petitioner’s property would be benefited by the tax herein sought to be set aside, or to protest, oppose, or vote against the imposition of the taxthat all of the proceedings of the police jury and the board of commissioners of road district No. 1 leading up to the imposition of the tax are unconstitutional, null, and void for the same reasons; that petitioner was not afforded an opportunity at any stage of the proceedings to protest, oppose, or vote against the imposition of the tax upon its property; “and that the said ordinance, by which it is proposed to levy said tax and to sell your petitioner’s property to satisfy the payment of said tax, violates your petitioner’s rights under the Fourteenth Amendment of the Constitution.”
The same objections are made against the election held in the parish, under the ordinance complained of, on the 17th day of November, 1914.
The police jury and road district No. 1 excepted to the petition of the plaintiff in the following words:
“That if the plaintiff ever had a right of action against the defendants herein, which is specifically denied, the same hqs long since prescribed, in that section 17 of Act No. 256 of the acts of the General Assembly.of the state of Louisiana for the year 1910, and section 31 of the same act, as amended by Act No. 218 of the acts of the General Assembly of the state of Louisiana for the year 1912, give the right to any person interested to resort to the courts within 60 days from the date of the promulgation of the result of such election for the purpose of contesting the legality of such electiou or bond^, and after such period the right to resort to the courts is forever barred; further, that the said section provides that after 60 days the said bonds shall be registered by the secretary of state, and after such registry, the bonds shall become incontestible for any cause whatever ; that as a matter of fact the 60-day period has expired, the said bonds have been registered and disposed of long before the institution of the suit herein, and it is now too late for the plaintiff herein to institute suit to contest the validity of the said tax or bonds, or the regularity or validity of the said election, and therefore not only is the right of action prescribed herein, but the right of action is absolutely barred, and the court is without jurisdiction to hear and determine the cause; that the defendants herein especially plead the prescription of 60 days from the promulgation of the result of the election ordering the issuing of the said bonds, and the prohibition of the statute which prevents the institution of any such suit.”
The pleas of prescription were sustained, and plaintiff’s suit was dismissed. Plaintiff has appealed.
[1] Plaintiff, in its petition, attacks the legality and validity of the ordinances of the police jury, and all of the proceedings thereunder, including the bonds to be issued and the tax to be collected, and prays for relief in the following language: That a writ of injunction issue “prohibiting and enjoining him [the sheriff and ex officio tax collector] from making the said sale” of plaintiff’s property, and “that, after due proceedings had and the trial thereof, that the said injunction be maintained and made *195 peremptory and perpetual, and that the said parish of Lafourche and the said board of commissioners of the said district No. 1 be perpetually enjoined from any further attempt to collect the said tax and forced contribution.”
The sole object of the suit is to prevent the tax collector from collecting a tax from the plaintiff, on the ground that the tax and the ordinance levying the same are unconstitutional, null, and void for the reasons stated by plaintiff in its petition.
Plaintiff makes its attack too late, under the terms of Act 256 of 1910, sections 17 and 31.
[2] In Gillis & Kennett v. Clayton, 33 La. Ann. 285, it is said:
“The constitutionality of a tax is in contestation:
“First. When it is claimed that the law, under authority of which the tax is imposed or assessed, violates some provision or provisions either of the state or federal Constitutions, or of both.
“Second. When it is asserted that the property, upon which the tax is imposed, is exempt from taxation under some constitutional provision.
“The legality of a tax is in contestation:
“First. When it is denied that there is any law in existence authorizing such tax.
“Second. Where, admitting the existence of such a law, it is asserted that the law is invalid, owing to a want of promulgation or other irregularity; and
“Third. Where it is claimed that the tax was originally imposed or assessed in violation of some provision of the law, or by one without legal authority to make ..such assessment.”
These definitions were approved in Adler & Goldman v. Assessor, 37 La. Ann. 507, Shattuck & Hoffman v. New Orleans, 39 La. Ann. 206, 1 South. 411, and in Marston v. Elliott, 138 La. 574, 70 South. 519.
As urged by defendants, section 17 of Act No. 256 of 1910, p. 426, forbids any person in interest, after a period of 60 days from the date of the promulgation of the result of the election held for the purpose of authorizing a road district to issue bonds and levy taxes for building and maintaining roads to test the legality of such election for any cause, after which time the act says that no one shall have any cause of action to contest the regularity, formality, or legality of said election for any cause whatever. And section 31 of the same act fixes the term of 60 days from the date of the promulgation of the result of the election for any one in interest to contest the validity of the bonds issued'for the building of roads.
The two sections read as follows:
“See. 17. Be it further enacted, etc., that for a period of sixty days from the date of the promulgation of the result of any such election, any person in interest shall have the right to contest the legality of such election for any cause; after which 'time no one shall have any cause of action to contest the regularity, formality, or legality of said election for any cause whatever. If the validity of any election held under the provisions of this act is not raised within the sixty days herein prescribed, then no governing authority of any subdivision herein named, required to levy a tax or [to] issue ' bonds as authorized at an election or under this act, shall be permitted to refuse to perform that duty and to urge as an excuse or reason therefor, that some provision of the Constitution or law of Louisiana has not been complied with, but it shall be conclusively presumed that every legal requirement has been complied with, and no court shall have authority to inquire into such matters after the lapse of sixty days as herein provided.”
“Sec. 31. Be it further enacted, etc., that all bonds issued by any of the subdivisions of the state as herein defined shall after the time has elapsed in which the validity of such bonds can be contested, to wit, sixty days from the * * * promulgation of the result of the election, incurring the debt and ordering the issuing of such bonds, be registered by the secretary of state and shall have indorsed thereon the words: ‘This bond secured by a tax. Registered on this the - day of -, 19 — ,’ and signed by the secretary of state with the great seal of Louisiana affixed.”
The last section (31) has been amended and re-enacted by adding the words, “without charge,” at the end. of the section. Act 218, 1912, p. 493.
Plaintiff argues that the foregoing sections are unconstitutional, null, and void; but similar statutes have often been held to be valid exercises of legislative power.
The act permits any taxpayer, who feels *197 aggrieved by the action of the governing authority of a road district, to contest the legality of an election or the validity of the bonds issued in accordance therewith within GO days, and to invoke the aid of the courts to inquire into the legality and validity thereof. This 'was certainly a wise precaution taken by the Legislature to prevent unnecessary and vexatious embarrassment and delay in the collection of the revenues of the road districts. The limitation was devised in the irablic interest, to protect the fi.sc against uncertainty, and to protect the bonds to be issued from attack, after a reasonable time given to the taxpayers to contest the validity thereof. The limit of time in which a taxpayer may go into court and contest the constitutionality, legality and validity of special taxes and the bonds to be issued in connection therewith is due process of law, and is not the taking of the property or rights of a taxpayer without due process of law.
Plaintiff says that under articles 232, 281, and 292 no such ordinance as the one complained of could be passed, and no such tax could he assessed, save and except for the purpose of erecting and constructing public buildings, public schoolhouses, bridges, wharves, levees, sewerage work, and other works of permanent public improvement, the title to which shall be in the public. It is true that public roads are not mentioned in article 232 with the public works enumerated above; but article 281 gives to parishes, road and subroad districts the right to incur debt and to issue negotiable bonds therefor, and to impose taxes to pay the interest and principal of the said bonds for the constructing, improving, and maintaining public roads, highways, etc. And article 292 again gives this same right to police juries to build roads and bridges, “to the extent authorized under the provisions of articles 232 and 281.”
The exceptions of prescription filed by the defendants were properly sustained.
Judgment affirmed.
O’NIELL, J., concurs in the opinion and decree holding that the attack upon the legality of the proceedings was barred by prescription, but is of the opinion that the exception of no cause of action should have been sustained as to the attack upon the constitutionality of the law.