On Rehearing.
O’NIELL, J.
Our reason for granting a rehearing in this case was that the decision we had rendered seemed somewhat inconsistent with our ruling in the case of Crow v. Board of Supervisors, 141 La. 1017, 76 South. 182. What distinguishes this case from that of Crow, however, is that in his case the Act No. 199 of 1916 was not in effect when the police jury ordered the election to be held. The only proceeding or formality that was conducted by the police jury that should have been conducted by the board of supervisors of the foad district, after the board was provided for by the act of 1916, was the promulgation of the returns of the election. The legal proposition that the decision is authority for is that the Act No. 199 of 1916 did not have the retroactive effect of rendering null an election that had been called by the police jury when that body had authority to call it. That doctrine is not applicable to the facts of this case.
It will not do to say that the police jury retained authority to call a special election in the road district until the board of supervisors provided for by the act of 1916 was organized. The authority to call the election was not an inherent right of the police jury. The authority had been conferred upon that body by a statute, and was taken away by the statute of 1916, giving the authority to the board of supervisors to be constituted as provided in the act. The board was to be composed, in this instance, of three members, of whom the member of the school board and the police juror from the second ward were to be ex officio members, and the third member was to be appointed by the police jury. The obvious reason why the board of supervisors had not yet organized when the election was called was that the police jury had not appointed the third member of the board. It was not optional with the police jury either to create the board or to usurp its functions. What is said on that subject in Crow v. Board of Supervisors must be considered with reference to the facts of the case.
The judgment heretofore rendered in this case ds reinstated and made final.