### STACY & BRAUN et al. v. PARISH OF NATCHITOCHES.

(Circuit Court of Appeals, Fifth Circuit. June 16, 1919. Rehearing Denied October 7, 1919.)

#### No. 3363.

COUNTIES ⚖=>182—ROAD DISTRICTS—SALE OF BONDS—BREACH OF CONTRACT BY BIDDER.

An unconditional bidder for bonds of a road district, who voluntarily made a deposit, to be applied on the purchase if the bid was accepted, and retained by the district as liquidated damages if he refused to take them, *held* not entitled to recover the deposit on such refusal on the unjustified contention that they were invalid.

In Error to the District Court of the United States for the Western District of Louisiana; Rufus E. Foster, Judge.

Action by Stacy & Braun and others against the Parish of Natchitoches. Judgment for defendant, and plaintiffs bring error. Affirmed.

J. M. Foster, F. J. Looney, and W. A. Wilkinson, all of Shreveport, La. (Foster, Looney & Wilkinson, of Shreveport, La., on the brief), for plaintiffs in error.

Phanor Breazeale, of Natchitoches, La. (John F. Stephens, Dist. Atty., of Coushatta, La., and Scarborough & Carver and Breazeale & Breazeale, all of Natchitoches, La., on the brief), for defendants in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. June 3, 1916, the police jury of Natchitoches parish, La., ordered an election in road district No. 19 on a proposition to issue $250,000 road bonds. Act No. 199 of 1916, vesting certain powers with reference to road districts in a board of supervisors, was approved July 6, 1916, and became effective July 30th. The election was held August 22d, and the result in favor of the bond issue declared August 24th by the police jury. October 30th the police jury received bids for the bonds. Seven of the eight bids were conditioned upon the effect of the act upon the authority of the police jury. The bid of Stacy & Braun was unconditional (except as to depositories) and contained a paragraph as follows:

"As evidence of our good faith in carrying out this offer, we are inclosing herewith certified check for $3,500, which check shall be immediately returned to us if this bid is not accepted; otherwise, to be retained by you as liquidated damages."

The bid was not the highest, but, on account of its unconditional character, was accepted, and the check was cashed. The bonds were printed in accordance with the wishes of the bidders, but they subsequently declined to take them. Suit was instituted by the bidders to recover the $3,500; the petition alleging that the police jury did not

have power (1) to receive the returns of the election, tabulate the vote, and proclaim the result, nor (2) to advertise for bids, receive them and issue and sell the bonds.

In the case of Crow v. Board of Supervisors, 141 La. 1017, 76 South. 182, the validity of these bonds is established, and the right of the police jury to receive the returns, tabulate the vote, and proclaim the result of the election declared. The opinion also declares:

"Whether it [police jury] or the board of supervisors was the proper authority, under the circumstances, to direct the issue of the bonds, is immaterial, in view of the fact that such direction was given by both."

The reasons upon which the court bases the right of the police jury to act in any respect after the Act No. 199 of 1916 became effective, would doubtless sustain authority to issue and sell the bonds prior to the organization of the board of supervisors. This board was not organized until January 5, 1917. In the meantime the police jury was actually discharging all the duties which had theretofore been imposed upon it by law. It was the de facto governing authority. The constitutionality of the new act was in question, and, even under its terms, some of the "governing authority" was in the police jury. As the legal governing body of the parish, and as actually in control of the road districts, the police jury was undertaking to sell road bonds of the district. With knowledge of the facts, with knowledge of Act No. 199, and charged with knowledge of the law, plaintiffs distinctly waived all questions as to the authority of the police jury, and deposited with them, as representatives of the district, the fund which they now undertake to recover upon the ground that, because of Act No. 199, the police jury could not represent the district.

The bonds are valid. The district, so far as appears, has never repudiated the authority of the police jury, denied the validity of the contract resulting from the acceptance of plaintiffs' offer, or refused to deliver the bonds upon compliance with the terms of the offer. The board of supervisors was organized January 5, 1917, and there is no allegation or proof that they, at any time, repudiated the contract, refused to carry it out, or placed any obstacle in the way of its consummation. There is a complete absence of anything to indicate that plaintiffs have been, or are, unable to get all for which they contracted. They have voluntarily turned over money to the district and authorized the district to keep it, either as a payment on bonds to be purchased by them, or as liquidated damages, in case, for any reason, they may choose not to take the bonds. There is complete absence of legal or equitable grounds upon which a recovery by plaintiffs could be based.

The judgment is affirmed.