(84 South. 901)

No. 23495.

**HUBERT et al. v. VIAL, Sheriff, et al.**

(May 3, 1920.  Rehearing Denied May 31, 1920.)

*(Syllabus by Editorial Staff.)*

1. Statutes ⬀123(5) — "Drainage" statute does not embrace two objects because of provision for reclamation of flat lands.

Act No. 227 of 1914, amending Act Nos. 219 of 1912 and 317 of 1910, a drainage act, does not embrace two objects, drainage and reclamation, in violation of Const. art. 31, by reason of the fact that it provides for the reclamation of flat lands, so low as not to be susceptible of drainage by gravity, but only by leveeing and pumping.

2. Drains ⬀91—Suit resisting payment of special assessment brought 60 days after publication of resolution dismissed.

A suit, resisting the payment of a special assessment levied on lands by a subdrainage district, brought more than 60 days after a debt had been incurred and bonds ordered to be issued and a forced contribution or acreage tax levied and publication of resolution, required by section 27 of Act No. 317 of 1910, will be dismissed on a plea of prescription provided by section 28.

3. Drains ⬀75—Publication in journal supplement of resolution of district for creating debt, etc., sufficient.

A publication of a resolution of a drainage district for creating a debt, issuing bonds, and levying, required by section 27 of Act No. 317 of 1910, was sufficient, although printed on a supplement or additional sheet, which was folded loose with the regular part of the official journal.

4. Drains ⬀91—Presumed that supplement on loose sheet, folded with official journal, containing resolution of district, was received by patrons.

In a suit resisting payment of a special assessment levied by subdrainage district, where plaintiffs have not alleged or proved that they did not receive a supplement to the official journal on an additional sheet, folded loose with the regular part of the journal, containing a resolution of the district, the presumption must be that they received such supplement with the journal.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Fred A. Middleton, Judge.

Suit by J. M. Hubert and others against Leon C. Vial, sheriff, and others.  Judgment for defendants, and plaintiffs appeal.  Affirmed.

L. A. Hubert, of New Orleans, for appellants.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellees.

PROVOSTY, J.   A number of plaintiffs, owners of different tracts of land, have joined in this suit for resisting the payment of a special assessment levied upon their said lands by the subdrainage district No. 4 of the St. Charles municipal drainage district.

[1] The authority for the organization of said subdrainage district and for the levy of said assessment is derived from Act 227 of 1914, amending Acts 219 of 1912 and 317 of 1910.  The plaintiffs contend that said act is unconstitutional because it embraces two objects, namely, drainage and reclamation, in violation of article 31 of the Constitution, requiring that—

"Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title."

The act is a drainage act; but some lands are so flat and low as not to be susceptible of drainage by gravity, but only by leveeing

and pumping, and hence provision is made for the latter mode of drainage. Plaintiffs call this "reclamation," and so it is, in a sense, but it is also drainage: the lands are being held in private ownership as land destined sooner or later to be brought into cultivation, and not as water areas. We can see no good reason why a drainage statute should not be made comprehensive enough to provide for the drainage of these flat lands along with the drainage of lands susceptible of drainage by gravity.

[2] The other grounds of nullity urged by plaintiffs are that the proceedings by which the subdrainage district was organized were irregular, that three of the five members of the board of commissioners of the district were disqualified, and that two of the signatures to the petition of property holders asking for the imposition of the tax and the issuance of the bonds were forged, so that the said petition did not have the requisite majority of property holders, and that, whereas the said subdrainage district has been organized under those provisions of said act which authorize the formation of subdrainage districts for the reclamation of water-covered lands by means of leveeing and pumping, and the lands of plaintiffs have been included therein as of that character, the said lands of plaintiffs are, on the contrary, high lands, not in need of that kind of drainage, but draining by gravity, and that they will be in no way benefited by said drainage. Against these grounds the defendant pleaded the prescription provided for by section 28 of Act 317 of 1910, as follows:

"That whenever a debt has been incurred and bonds ordered to be issued and a forced contribution or acreage tax levied, as provided for in the previous section, any landowner having property situated within the limits of the area proposed to be drained, shall have the right during sixty days next following the date of the publication of the resolution required by the preceding section, to appeal to the courts for the purpose of testing the validity of such proceedings, after which time the right to resort to the courts shall be forever barred."

This suit was filed after the expiration of the 60 days, and after a debt of $13,300 had been created, and bonds issued and negotiated therefor. The trial court therefore sustained this prescription, and properly. Crow v. Board of Com., 141 La. 1017, 76 South. 182; Railroad Co. v. Tax Col., 142 La. 190, 76 South. 606; Ficklin v. New River Drainage Dist., 133 La. 203, 62 South. 632.

[3, 4] The publication required by this law was made for the proper time, in the official journal of the parish; but by means of a supplement printed on an additional sheet, which was folded loose with the regular part of the journal, and presumably mailed, or delivered, with it. Plaintiffs contend that this mode of publication was irregular, and that nothing shows that this supplement was sent with every copy of the journal or received by all the patrons or readers of the journal. Plaintiffs have not alleged, nor proved, that they did not receive this supplement along with the journal. The presumption must be that they did.

However harsh may be this prescription, and whatever injustice to the plaintiffs in this case it may work, this court has no choice but to enforce it, as has heretofore been done in numerous other cases.

Judgment affirmed.

O'NIELL, J., concurs in the decree.