170 So.2d 1

**Arthur K. AMMEN et al.**

**v.**

**CITY OF PINEVILLE et al.**

**No. 47230.**

Dec. 14, 1964.

Dissenting Opinion Dec. 22, 1964.

Richard L. Crowell, Alexandria, for plaintiffs-applicants.

Polk & Foote, Lamar Polk, Alexandria, for defendant-respondent.

SANDERS, Justice.

This is an action for a declaratory judgment. Plaintiffs, Arthur K. Ammen and Kumalee B. Ammen, seek a decree that a paving assessment levied by the City of Pineville against five lots owned by them in the City is null and void on the ground that the properties do not abut the improved street. The City of Pineville filed a

peremptory exception, pleading that the demands of plaintiffs were prescribed or preempted by the lapse of 30 days without legal action as provided by LSA–R.S. 33:-3319.

The district court overruled the plea of prescription. After granting writs, the Court of Appeal reversed the judgment of the district court and sustained the exception. See 161 So.2d 284. We granted writs to review the judgment of the Court of Appeal. 246 La. 88, 163 So.2d 360.

The facts are these: Acting under LSA–R.S. 33:3301 et seq., the City of Pineville paved Claiborne Street. On December 4, 1962, the Mayor and Board of Aldermen adopted Local or Special Assessment Ordinance No. 3 for the year 1962, assessing the properties that the City found abutting Claiborne Street for the costs of the paving. The paving assessment ordinance included plaintiffs' lots.

The assessment ordinance was duly recorded in the Mortgage Records of Rapides Parish on December 7, 1962. It was also duly published in the Pineville News, the official journal of the City of Pineville, on December 20, 1962.

On January 9, 1963, the plaintiffs, through their attorney, directed a letter to the Mayor and Board of Aldermen objecting to the assessment because of an alleged error in the determination of the frontage of their property on Claiborne Street.

The Mayor and Board of Alderman adopted a resolution on February 8, 1963, providing for the issuance, negotiation, sale, and delivery of paving certificates secured by the unpaid assessments. The resolution for the issuance and negotiation of the paving certificates was duly published in the Pineville News on February 21, 1963, and again on February 28, 1963.

On May 1, 1963, the attorney for plaintiffs wrote the City a second letter, and in this letter he disputed the assessment on the ground that the lots did not abut Claiborne Street. The suit followed on June 4, 1963.

LSA–R.S. 33:3319 provides:

"No contest or proceeding to question the validity or legality of any resolutions or ordinances adopted or proceedings had under the provisions of this Sub-part shall be begun in any court by any person *for any cause whatsoever,* after the expiration of thirty days from the date when the resolution, ordinance or proceeding was published, and after such time the regularity of such resolution, ordinance or proceeding shall be *conclusively presumed.* If the validity of any certificates issued under the provisions of this Sub-part is not raised within thirty days from the date of publication of the resolution or ordinance issuing said certificates and fixing their terms, the authority to issue said certificates, *the*

▆▆▆▆▆▆▆▆▆▆

*legality thereof and of the local or special assessments necessary to pay the same shall be conclusively presumed and no court shall thereafter have authority to inquire into such matters."* (Italics ours.)

Plaintiffs filed the present suit more than five months after the publication of the assessment ordinance and more than three months after the publication of the resolution issuing the paving certificates. Presented, therefore, is the question of whether the 30-day prescription of LSA–R.S. 33:3319 bars a suit to annul a paving assessment on the ground that the property does not abut the improved street.

▆▆▆ The plaintiffs assert that the statute does not apply to absolute nullities, that the assessment of non-abutting property is a jurisdictional defect rendering the assessment incurably void, and that, therefore, the suit is timely. Alternatively, if the statute is construed to bar this suit, they contend that it takes their property without due process of law and is unconstitutional under Article I, Section 2, of the Louisiana Constitution, LSA and the Fourteenth Amendment of the United States Constitution.

The City of Pineville, on the other hand, asserts that the language of the statute is explicit; that it makes no exceptions; and that it clearly applies to a proceeding attacking the validity of a paving assessment on the ground that the assessed property does not abut the street.

The City of Pineville paved Claiborne Street under a statute authorizing it to assess costs against properties abutting the street.[1] Hence, the assessment of non-abutting property within the City was unauthorized.

The Legislature, however, in LSA–R.S. 33:3319 has fixed a time within which suits to contest the validity or legality of special assessments must be filed.

The purpose of the statute, as aptly stated by the Court of Appeal, is to protect the public fisc by establishing a reasonable time limit for attacking the validity of special assessments and the certificates that they secure. Investors may thereafter rely upon the integrity of their security. Governmental authorities benefit by being able to obtain more readily funds for public improvements.

The statutory language is clear: It bars proceedings "for any cause whatsoever." And, if the validity of the certificates is not raised within 30 days of the resolution issuing them, the legality of the certificates and the special assessments securing them is "conclusively presumed." The language is amply broad to preclude an attack upon a special assessment on the ground that the assessed property does not abut the street.

1. LSA–R.S. 33:3301, 33:3306.

Basically, plaintiffs' objection is that their lots derive no benefit from the improvement. They rely upon the criterion of benefit established by statute: whether the property abuts the street. Such an objection may be waived by a failure to urge it at the proper time.[2]

This Court has sustained pleas of prescription to defects equally serious as that asserted here.[3] The constitutionality of such a prescription or peremption is now well established.[4] We know of no other reason why the statute may not be applied to this proceeding. Hence, we conclude that the present action is barred.

We have reviewed the decisions of this and other courts cited by plaintiffs and find them to be inapplicable to the present case.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.

SUMMERS, Justice (dissenting).

It is no longer open to question that statutes conferring upon municipalities the authority to impose special or local assessments are in derogation of common rights and must be strictly construed. Bell v.

City of Shreveport, 234 La. 607, 100 So.2d 883 (1958); Barber Asphalt Paving Co. v. Watt, 51 La.Ann. 1345, 26 So. 70 (1899). See also Gamburg v. City of Alexandria, 85 So.2d 276 (La.App.1956).

The legislation under consideration (LSA–R.S. 33:3301–33:3319) is such an enactment which authorizes municipalities to construct street improvements and to levy and collect local and special assessments "on the real property abutting the improvements." By that legislation detailed regulations are prescribed concerning the type of street improvement which is authorized; the resolutions requisite for the giving of notice of the improvement, their publication and posting; the advertisements and contents of notice; the procedure for awarding contracts; the contents and preparation of statements of costs against the abutting property owners; the payment of assessments and lien installments; the issuance of certificates for the payment of costs; the participation of the municipality in the payment of the costs and the prescriptive period to question the validity of proceedings had under the authorization contained in the legislation.

2. Cowan Inv. Corporation v. City of Florence, D.C., 11 F.Supp. 973; 63 C.J.S. Municipal Corporations § 1476, Subsection c., p. 1269; Annotation, 9 A.L.R. 634, 708–710.

3. See Daves v. Sewerage District No. 1, 232 La. 679, 95 So.2d 148; McLavy v. American Legion Housing Corp., 227 La. 300, 79 So.2d 316; Morgan's L. & T.

R. & S. S. Co. v. Tax Collector, 142 La. 190, 76 So. 606; and the cases therein cited.

4. Morgan's L. & T. R. & S. S. Co. v. Tax Collector, 142 La. 190, 76 So. 606; Crow v. Board of Sup'rs, 141 La. 1017, 76 So. 182. See also Miller v. Town of Bernice, 186 La. 742, 173 So. 192.

If one thing is certain from the language of this enactment, it is that the municipality is authorized to levy assessments only against abutting property owners.

The pleadings which form the basis for this decision unmistakably disclose that the plaintiff's property is not abutting on the street improvements for which it has been assessed. The sole issue, as the majority opinion discloses, is whether plaintiff's right to question the assessment of his property is prescribed by LSA–R.S. 33:3319, which provides that no contest or proceeding to question the validity or legality of any resolution or ordinance adopted or proceedings had under the provision of this legislation shall be begun after the expiration of thirty days from the date when the resolution, ordinance or proceeding was published.

It is my opinion that the prescription sought to be invoked here applies to the regularity or validity of resolutions, ordinances or proceedings had under the general authority of the pertinent sections of the Revised Statutes. I cannot agree that it was ever intended that this prescription could be invoked against the owners of property who are clearly not contemplated by the act. For the section dealing with prescription refers to resolutions, ordinances or proceedings had "under the provisions of this Sub-part". The pertinent sub-part, dealing as it does with assessments against property abutting the improvements,

does not apply to other property and because the property of plaintiff is other property, which is not abutting, the prescription applicable to proceedings dealing with abutting property cannot be applied to plaintiff's property. The assessment under these circumstances constitutes a jurisdictional defect.

The error committed by the majority in permitting the thirty-day prescription to be invoked against this non-abutting property owner is as fundamental as the error which all fair-minded men must concede would exist if the municipality sought to assess against property in another town miles away. It is not the degree of remoteness of the property from the improvement which creates the fatal error of the assessing municipality; it is the fact that it does not abut the improvement which is the vital factor. Manifestly, because the property must abut the improvement, that fact is a prerequisite to the right of the municipality to assess against it.

What I hold is that the action of the municipality is not merely an improper exercise of granted authority, it is the exercise of power for which there is no authority. The action is therefore ultra vires and constitutes a defect of such a fundamental and substantive nature that, insofar as the plaintiff's property is concerned, the action of the municipality is void ab initio (LSA–Civ. Code Art. 12), not merely voidable as would

be the case with some other less basic irregularity against which the prescription could properly be invoked. Under this view, the city had no jurisdiction over plaintiff's property for assessment purposes, and the mere failure of plaintiff to act within thirty days could not alter the effect of the improper assessment and clothe that action with legality for which no authority existed. Morrow v. Barber Asphalt Paving Co., 27 Okl. 247, 111 P. 198 (1910). See also Grier v. Kramer, 62 Okl. 151, 162 P. 490 (1917); City of Henderson v. Lieber, 175 Ky. 15, 192 S.W. 830 (1917), 9 A.L.R. 620; Steinmuller v. City of Kansas City, 3 Kan.App. 45, 44 P. 600 (1896); 63 C.J.S. Municipal Corporations §§ 1465, 1476d.

The majority is of the opinion that the purpose of the prescriptive statute is to protect the public fisc and permit investors to rely upon the integrity of their security. But the investor does not and cannot rely upon property as security when that property is not contemplated by the statute authorizing the assessment.

It occurs to me that the investor is at least charged with the precaution of making inquiry into the basic authorization granted by the legislature for creating the security upon which he relies.

I doubt the correctness of the majority assertion that the law sanctions the idea that governmental authorities benefit by being able to obtain funds for public improvements in a case such as this when the property which must ultimately bear the burden of the assessment does not benefit by the improvement and the investor is fully informed by the legislative enactment that he cannot lawfully look to that property for his security. Certainly the legislature never intended that such a benefit should exist and reason and justice persuade me to conclude that such a benefit to a municipality is an unjust one.

It is significant, too, that this suit does not seek to declare the ordinances creating the assessment void in toto, but only insofar as plaintiff's property is concerned. The other assessments resulting from the ordinances of the municipality will remain in effect, and the security of the invest-  will not be destroyed but simply limited to property properly contemplated by the act.

The thirty-day prescription was not designed to cure action of the municipality devoid of any semblance of legality.

I respectfully dissent.