# City of Henderson v. Lieber's Executor, et al.

(Decided March 23, 1917.)

## Appeal from Henderson Circuit Court.

1. Municipal Corporations—Void Ordinance.—A city ordinance passed under and based upon an unconstitutional statute is void, and the city can realize no benefits thereby, nor enforce the collection of the costs of street improvement thereunder.

2. Municipal Corporations—Void Ordinance—Claim Under Estoppel.—A property owner is not estopped from resisting the collection of a claim attempted to be made under a void ordinance, although the property owner made no protest against the improvements, and stood silently by and permitted same to be made.

B. S. MORRIS for appellant.

VANCE & HEILBRONNER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In February, 1914, Mrs. Babette Lieber, of Henderson, Kentucky, died intestate, and M. Lieber, her son, qualified as executor of her estate. In December following, the executor instituted this action, for the settlement of the estate of Mrs. Babette Lieber, making the city of Henderson, among others, party defendant, and calling upon it to make answer. Thereupon, the city of Henderson filed its answer, and after alleging its right to sue, avers that in 1912, the common council of the said city passed and adopted an ordinance, requiring certain street improvements, the cost to be taxed against the abutting property owners, and declared a lien upon the property, and in case the abutting property owners failed to pay for the improvements, the city would issue bonds pledging the faith and credit of the city as well as the lien upon the property acquired by reason of the improvements, and thus fund the debt. This ordinance was passed in conformity to section 3459a, Kentucky Statutes, entitled: "Improvements of Public Ways— Ten Year Plan," and which statute provides ways and means by which the city may improve its thoroughfares and tax the expense thereof against the abutting property. The city in this case claimed $746.03, with interest, due it from the Lieber estate.

The executor in reply admits the improvements made by the city, but denies responsibility of the estate of Mrs. Babette Lieber, for the cost thereof, because the statute and ordinance under which the improvements were made, were both unconstitutional and void and had been so declared by this court, prior to the commencement of this action, in the case of Hickman, et al. v. Kimbley, 161 Ky. 652. The defendant city responding to this pleading admitted that the statute had been declared unconstitutional, but alleged that Mrs. Lieber, the owner of the property against which the improvements were made and sought to be charged, was living at the time of the passage of the ordinance and the making of the improvements of the street, and that she stood silently by, and allowed the city to make the improvements, with her knowledge, without objection or protest, and that by her conduct her estate is estopped to deny its liability. To this plea a demurrer was interposed and sustained, and of this appellant, city, complains.

So, the question to be determined is: Can a city under a void statute and ordinance, collect the cost of a street improvement off the property owner where the property owner stood silently by, and with knowledge of the intended improvements, did not object or protest against the construction or notify the city that she would not be liable?

An unconstitutional statute is void *ab inito*. Any statute or ordinance passed in contravention of the constitution is without force or effect, and any action had or taken under such ordinance or statute is a nullity.

In 8 Cyc. 805, it is declared: "As a general rule all acts done under an unconstitutional law are void and of no effect."

An unconstitutional law has no inherent force, and confers no authority upon those claiming to act under it. Wooly v. Dodge, 6 McLean (U. S.) 142; Louisiana State Lottery Co. v. Fitzpatrick, 3 Woods (U. S.) 222.

This precise question was determined by this court in the case of Barber Asphalt Paving Co. v. Baar, et al., 115 Ky. 353, where the court said:

"The ordinance requiring the payment of a license fee by contractors was held unconstitutional by this court. Being unconstitutional, it was a nullity. From a nullity no rights can arise, and by it no rights are

affected. The ordinance being void, the contractors had a right to ignore it.''

Bonds, issued under an unconstitutional statute, are invalid. Central Branch, Union Pacific Railway Co. v. Smith, 23 Kan. 745; Whaley v. Gaillard, 21 S. C. 560.

And the mere fact that the property owner failed to object to the improvements, does not work an estoppel.

These same questions arose in the case of City of Covington v. Schlosser, et al., 141 Ky. 838, and the court announced the doctrine as follows:

''In disposing of this question it does not seem necessary that we should go into a discussion of the acts or conduct of the property owner, that would estop him from objecting to an assessment against his property for local improvements. The only question involved in these cases is whether or not the assessments exceeded the statutory limit. If they did, the city had no right to impose them, and the assessments in excess of the authority conferred were absolutely void. The power to make these assessments is granted alone by the statute, and by its terms alone the validity of the amount that may be charged against the property is to be determined. No question of estoppel can be brought in a case like this. A property owner cannot be estopped by his act or conduct from objecting to the collection of assessments that are made in excess of the authority to make them. The excess assessment is void from the beginning. Or, to put it in a better way, there could be no assessment for the excess, and so the property owner could not be estopped from contesting the validity of a void act.'' Thomas v. Woods, 128 Ky. 555; City of Lexington v. Walby, 109 S. W. 299.

The ordinance under which the city of Henderson attempted to proceed in the improvements of the streets mentioned being void, was no protection whatever to the city and conferred no authority upon the officers of the municipality to make the improvements, or to enforce the collection of the cost thereof against abutting property. As said in the case of City of Lebanon v. Humkey, 161 Ky. 456:

''The enactment of the ordinance was wholly within the control and power of the city council, and although it attempted to, and doubtless believed that it had, enacted a valid ordinance, it develops that it did nothing of the kind, and in fact, did not enact any ordinance.

This being so, the situation is precisely the same as if the city authorities, without having attempted to enact an ordinance, had demanded and collected from appellees, without any authority, the license tax paid under this void ordinance.''

Where a collection is made under a void ordinance it may be recovered back; with greater reason will a collection be denied where it is based upon a void ordinance.

This attempted collection is totally without authority under the city ordinance, endeavored to be enacted by the city of Henderson.

Entertaining these views, it is unnecessary to discuss the other questions presented in appellant's brief.

Judgment affirmed.