**PADUCAH BOX AND BASKET CO., Inc., a Corporation, by T. C. Ezzell, Pres., Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPT. OF HIGHWAYS, Jack Carson, District Engineer, Appellee.**

Court of Appeals of Kentucky.

March 17, 1961.

. Andrew J. Palmer, Paducah, for appellant.

E. A. Marye, Jr., Asst. Atty. Gen., for appellee.

BIRD, Chief Justice.

The Commonwealth proposed to construct a highway according to certain plans and specifications which required the use of a strip of land belonging to the Paducah Box and Basket Company. A deed conveying the required property was executed and delivered to the Commonwealth by the owner. The recited consideration was one thousand dollars and benefits to be derived by reason of the construction. When this deed was executed the plans and specifications provided for construction on a level with the remaining property of the company. After the execution of the deed the plans and specifications were changed to provide for a railroad overpass, thus leaving the company's land much lower than the proposed highway. Under the new plans and specifications the land conveyed by the deed was inadequate and it became necessary for the Commonwealth to con-

demn additional land of the company adjacent to that conveyed by the deed. The condemnation proceeding was heard finally in the McCracken Circuit Court wherein the landowner was awarded the sum of $10,000 for the additional land taken and the sum of $3,000 for damages to the remainder of the land. No appeal was prosecuted from these judgments and the adequacy of those sums is not disputed.

The company contends that the first property was conveyed in consideration of the state's constructing according to the plans and specifications mentioned in the deed and that the state's failure to construct according to those plans constituted a breach of covenant. Consequently, this action was filed to recover $75,000 in damages for this breach of covenant.

As an alternative to the recovery of damages for breach of covenant the company demands judgment in the sum of $35,000 for the value of the land taken by deed and the further sum of $35,000 for damages caused by this taking to the remainder of the property.

The trial court granted a summary judgment in favor of the Commonwealth and dismissed the action. The company appeals.

Construction of the highway according to the then existing plans and specifications is not recited in the deed as a consideration for its execution. The deed does, however, recite that it is executed in contemplation of construction according to those plans. Does this recital constitute a covenant to build according to those plans and specifications? We think not. Upon careful examination of the deed we are unable to find the Commonwealth obligated by its terms to build according to those plans or build at all. Our research fails to reveal any law that would impose this obligation upon the state under the facts of this case and none has been called to our attention by the appellant. There being no obligation to build there is no breach of covenant for which the state should an-

swer in damages. There being no breach of covenant after having procured the deed and there being no claim of fraud, deceit, mistake or misrepresentation in procuring it so as to require its cancellation, the monetary consideration recited in the deed is all that the state is obligated to pay by reason of taking the land described in the deed.

It appears that the trial court was correct in granting the summary judgment and the judgment is therefore affirmed.