**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Hovious DAVIDSON et al., Appellees.**

Court of Appeals of Kentucky.
Oct. 16, 1964.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Reed D. Anderson, Dept. of Highways, Frankfort, for appellant.

Seth T. Boaz, Wm. H. Parham, Mayfield, for appellees.

DAVIS, Commissioner.

Appellees, Hovious Davidson and his wife, Mary, sued Commonwealth of Ken-

tucky, Department of Highways, and Graves County alleging that their property had been damaged by reason of the construction of a highway in front of it. The Davidsons based their claim on the assertions that appellee Graves County and appellant had misrepresented the height of the fill to be constructed in front of their property, thereby inducing them to execute deeds for the right of way.

The jury absolved appellee Graves County, but returned verdict for $2,000 against appellant. The appeal is here pursuant to KRS 21.080 and RCA 1.180.

Appellant presents these points as bases for reversal: (1) The Davidsons are estopped by the deeds granting right of way; (2) KRS 177.060 precludes this action against the Department of Highways; and (3) the evidence was not sufficient to sustain the verdict.

In 1952 the Department of Highways, through an official order of its Commissioner, authorized reconstruction of the Folsomdale-Boaz road in Graves County. The order authorized and directed the Fiscal Court of Graves County to obtain the required right of way for the construction, according to widths and alignments shown by the official plans. This procedure was as prescribed by KRS 177.060; the cited statute, with exceptions not here pertinent, imposes on the county "all cost of acquiring any necessary land or right of way for primary road purposes." The same statute states " * * * and all damages incurred shall be paid by the county."

Graves County appointed a committee to attend the details of acquiring the right of way. The Davidsons stated that representations were made to them by some personnel of the acquisition committee to the effect that the height of the fill in front of their property would not exceed eighteen inches. The Davidsons had operated a rural grocery store on the lot involved. They testified that prior to the new construction access from the road to their store was easy. After the construc-

tion, the height of the fill in front of their store ranges from four to five feet. The extent of this fill makes it impracticable (without substantial outlay of money, say the Davidsons) to provide a suitable entranceway from the newly built road to the store.

By deed dated March 10, 1953, the Davidsons conveyed to the Commonwealth, for use of the Department of Highways, the right of way for Parcel 32; the parcel encompassed a strip of land thirty feet from the center line of the road, along the entire front of the Davidson's lot. The deed was executed without any monetary consideration, but recites that it is made "in consideration of the benefits to be derived" by the grantors from the construction of the road. The deed also contains this language:

"The description of the parcel conveyed by this deed is drawn from the plans of the proposed road on file at the office of the Department of Highways in Frankfort, Kentucky, and this conveyance is made in contemplation of the construction and maintenance of said road according to said plans, which are hereby made a part of this deed."

A second deed was executed by the Davidsons to the Department, dated February 5, 1957, for which $18 monetary consideration was paid. The second deed transferred title to Parcel 32-A, described as an additional 25 feet in width adjoining Parcel 32, for a portion of its length. The second deed also contained the same language just quoted from the first deed.

Mrs. Davidson testified that she signed the deed (doubtless the first one) and her testimony shows:

"Q. Why did you sign it?

"A. Well, the blue print was laid out on my ice cream counter and showed to me that the fill would only run from fifteen to eighteen inches at the railroad on down to four feet at the creek."

It is to be noted that her testimony is not clear as to just who represented to her that the fill would be no more than four feet high at the creek—the western corner. Neither does she say that the actual plans which were presented in evidence by appellant are different from the plans exhibited to her.

Appellant showed by an engineer that the road has been constructed according to the plans. The plans bear date of 1952; there is a complete absence of showing that the plans as introduced in evidence vary in any way from the original plans. In fact, there is no showing that the plans before the jury are not the original plans.

In Com., Dept. of Highways v. Litteral, Ky., 319 S.W.2d 458, this court recognized the principle of estoppel by right of way deed as it pertains to claims for "consequential injury" resulting from construction of the road. To the same effect are Meyer v. Jefferson County, Ky., 305 S.W.2d 536, and Com., Dept. of Highways v. Geary, Ky., 254 S.W.2d 477.

Paducah Box and Basket Co. v. Com., Dept. of Highways, Ky., 344 S.W.2d 608, presented a problem more nearly analogous to the case at bar than the decisions just cited. Two material differences between the case at bar and Paducah Box and Basket Co. are readily apparent: (1) In the Paducah Box case the Department admittedly changed the plans, leaving the claimant's land much lower than the original plans; (2) there was no claim of fraud or misrepresentation in the Paducah Box case. Yet, in Paducah Box no recovery was allowed the claimant.

■ We are mindful of the line of cases affording recovery as "condemnation in reverse," pursuant to §§ 13 and 242 of Kentucky Constitution, e. g. Lehman v. Williams, 301 Ky. 729, 193 S.W.2d 161; 8 Ky.Dig., Eminent Domain ■ However, we do not consider that theory applicable here. The "reverse condemnation"

principle rests on the premise of the taking, destroying or injuring of property by the sovereign without any color of right or title so to do. In the case before us the Commonwealth has done nothing beyond that which the right of way deeds authorized. It has constructed the road according to the plans, just as specified by the deeds. Thus, there has been no taking, destruction, or injury to the Davidsons' property other than authorized by the deeds—hence, there can be no "condemnation in reverse."

This court has written that the doctrine of sovereign immunity precludes action against the Department of Highways for breach of contract in the absence of statutory authorization for such action. Foley Construction Co. v. Ward, Ky., 375 S.W.2d 392. The same cloak of immunity extends to the redress sought here—whether it be styled a breach of contract, or whether it be regarded as an action sounding in tort. Since the action fails as a "reverse condemnation" procedure, the doctrine of sovereign immunity forecloses the claim against the Commonwealth and its Department of Highways.

■ No specific plea of immunity in bar of the action was made by the Department of Highways. However, the answer did assert that the complaint failed to state a claim upon which relief may be granted. We need not decide whether CR 8.03 requires pleading immunity as an affirmative defense. The immunity is such that it may not be waived, except by legislative action. Ky. Constitution, § 231. Certainly the constitutional mandate would be of small stature if its precepts could be "waived" by any state officer or agent other than the general assembly. Cf. Kentucky State Park Comm. v. Wilder, 256 Ky. 313, 76 S.W.2d 4.

The appellees, Hovious and Mary Davidson, did not perfect an appeal from the judgment absolving Graves County from

liability. We do not consider the propriety of that phase of the judgment.

The judgment is reversed with direction to enter judgment dismissing the claim against Commonwealth of Kentucky and Department of Highways.