**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**E. R. DeHART et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 16, 1964.

Rehearing Denied Jan. 22, 1965.

**318**

John A. Breckinridge, Atty. Gen., William A. Lamkin, Asst. Atty. Gen., Frankfort, Walter Mobley, Dept. of Highways, Flemingsburg, Charles D. Kearns, Dist. Atty., Dept. of Highways, Frankfort, for appellant.

O. F. Duval, Olive Hill, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment which "set aside and held for nought" a deed from E. R. DeHart and wife to the department, conveying the title to land in front of the DeHarts' store building in the business section of the city of Olive Hill, as right of way for reconstructed U. S. Highway No. 60 and a sidewalk. The judgment was based upon the findings of an advisory jury that the right of way agents of the department had "misrepresented" to the DeHarts that "the sidewalk would revert to them" and that the agents "gave the DeHarts the impression the sidewalks would be converted back to them."

Prior to the execution of the deed U. S. Highway No. 60 ran through Olive Hill in front of the DeHarts' store, apparently on an easement. The DeHarts had built a sidewalk between the store and the highway. In connection with a project for reconstruction and minor relocation of the highway the department obtained deeds from the abutting property owners, including the DeHarts. The deed from the DeHarts, for which the department paid a consideration of $666.20, conveyed title to a strip 26 feet deep, measured from the center line of the reconstructed highway. This included the sidewalk area.

After the deed was executed the highway and sidewalk were reconstructed. Two years elapsed. Then, in front of their store, the DeHarts erected an awning which extended over the sidewalk. The Federal Bureau of Public Roads discovered the awning, asserted that it was an encroachment on the right of way, and demanded of the Department of Highways that the awning be removed as a condition of payment by the Bureau of the federal government's share of the cost of the highway project (around one million dollars). The department brought action against the DeHarts to compel them to remove the awning. The DeHarts counterclaimed for

rescission of the deed. The judgment here appealed from was entered on the counterclaim.

■ The DeHarts asserted two grounds —mutual mistake or unilateral mistake and fraud[1]—as a basis for rescission. It is our conclusion that even if it be considered that the testimony in support of either of these theories was clear and convincing (which is questionable), still this was not a proper case for rescission. A court of equity will not do the vain act of rescinding a deed when it is clear that the party seeking rescission will not be materially benefited. Likewise, a court of equity will not rescind where the equities do not lie with the movant.

■ Since the state possesses the power of condemnation, and in view of the position taken by the Bureau of Public Roads, it should be evident that the DeHarts will never be allowed to maintain their awning. The only benefit the DeHarts could obtain from rescission would be the right to relitigate the question of damages in a condemnation suit with full knowledge that the taking of their property would mean that they could not use the awning. They have not alleged or shown that $666.20 was unfair consideration for the property conveyed (in fact, they originally offered to give the deed without payment).

Thus, the equity in the DeHart's case is that they have not received compensation for whatever damage they will suffer if they are forced to remove the awning. We think that whether or not such damage would be compensable, it is overbalanced by the serious prejudice which would be suffered by the Commonwealth by the withholding of federal funds until the fee to the sidewalk area could be reacquired by negotiation or more likely condemnation.

It is our conclusion that the judgment granting rescission is erroneous.

We have chosen to dispose of this case on the equities without giving consideration to the serious question (not raised in the pleadings or in briefs) of whether the doctrine of sovereign immunity would bar the DeHarts' counterclaim. See Commonwealth, Department of Highways v. Davidson, Ky., 383 S.W.2d 346 (decided October 16, 1964).

The judgment is reversed with directions to enter judgment dismissing the counterclaim for rescission.

PALMORE, J., concurs in the result only, on the ground that under the principle of Foley Construction Company v. Ward, Ky., 375 S.W.2d 392, the state's sovereign immunity applies to the claim for rescission of the deed.

---

1. The DeHarts have relied on constructive or unintentional fraud as distinguished from actual fraud. See Commonwealth v. Smith, 242 Ky. 365, 46 S.W.2d 474 (1923).