COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Ross GAMBLE and Mable Gamble, his wife,
Appellees.

Court of Appeals of Kentucky.

March 3, 1967.

Rehearing Denied June 16, 1967.

———◆———

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Dept. of Highways, Frankfort, M. T. Quinton, Jr., Reed D. Anderson, Madisonville, for appellant.

Richard L. Frymire, Madisonville, for appellees.

CULLEN, Commissione

A motion for an appeal previously having been sustained, we have before us the appeal of the Commonwealth of Kentucky, Department of Highways, from a judgment for $2,000 rendered in favor of the appellees Ross Gamble and wife on a "reverse condemnation" claim.

Pursuant to a deed from the Gambles conveying "a temporary easement for the purpose of constructing an entrance road" the Department of Highways constructed a gravel-surfaced roadway on a 30-foot strip running across the Gambles' farm. The roadway was so constructed as to reconnect two segments of a country road or passway which passed along two sides of the Gambles' farm and which had been severed in the construction of a new, nonaccess, state highway running across what formerly was a corner of the Gambles' farm, acquired by the state from the Gambles by deed. The roadway constructed by the Department of Highways on the 30-foot strip was not constructed as a state highway or as a part of the state road system, and the department since its construction has not attempted to exercise any control or dominion over it. However, a few neighbors of the Gambles who had a prescriptive right to use the old road have treated and used the new roadway as being a new link in the old road.

About a year after construction of the roadway the Gambles instituted the instant "reverse condemnation" suit against the Department of Highways, on the theory that the department had *taken* property of the Gambles. Their complaint alleged that they had given a deed for construction of an "entrance road" but instead the department had built a "through roadway."

We think it is clear that the *construction* of the road (and its continued existence as a physical structure) did not (and does not) constitute a *taking* because the construction is exactly what the deed (and the plans incorporated in the deed) called for. See Commonwealth, Department of Highways v. Davidson, Ky., 383 S.W.2d 346. So if any taking has occurred or is occurring it is by the *use* of the roadway. (This really is what the Gambles were claiming in their complaint allegation that the state built a "through roadway.") But the state is not using the roadway, or purporting in any way to exercise any control or dominion over its use, or holding out to the public that it is available for use. The roadway is entirely within the jurisdiction of the Gambles, and it is solely a matter between the Gambles and their neighbors whether the neighbors shall use the road. (Since the old roadway, which ran on the Gambles' land and which the neighbors admittedly had a prescriptive right to use, was severed as a result of the Gambles' *selling* part of their land to the state for a valuable consideration, the neighbors might well argue that it was up to the Gambles to furnish a new link in the road.)

Since the state did not take anything by constructing the roadway as called for in the deed, and since the state subsequent to the construction has done nothing at all in the way of using or occupying any property of the Gambles, there is no basis for any reverse condemnation claim.

Although there was no pleading of such damages, the Gambles in their testimony sought to show damages from improper drainage. It is sufficient to say that there was no evidence that the construction work by the Department of Highways in any way departed from the plans incorporated in the deed, wherefor, under Commonwealth, Department of Highways v. Davidson, Ky., 383 S.W.2d 346, no claim can be prosecuted for the drainage damages.

The judgment is reversed with directions to enter judgment dismissing the complaint.

All concur.