**SPANISH COVE SANITATION, INC., Appellant,**

v.

**LOUISVILLE–JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT, Appellee.**

No. 2000–SC–000496–DG.

Supreme Court of Kentucky.

April 25, 2002.

Bruce Garrett Anderson, Hargadon, Lenihan, Harbolt & Herrington, Christopher Morris, Louisville, for Appellant.

Laurence Zielke, Caroline George Meena, John H. Dwyer, Jr., Deborah K. Kent, Pedley, Zielke, Gordinier, Olt & Pence, Louisville, for appellee.

GRAVES, Justice.

In 1993, the Court of Appeals declared KRS 65.115[1], a statute which was enacted to provide compensation for taking sewage treatment utility property, unconstitutional as special legislation. Consequently, the Jefferson Circuit Court in this case correctly granted a motion to dismiss a subsequent complaint seeking recovery based on the same statute. Once an appellate court has declared a statute unconstitutional in its entirety, the statute cannot thereafter provide any rights or powers under Kentucky law.

Appellant, Spanish Cove Sanitation, owns a waste water treatment facility that is composed of grounds, equipment and pipe systems providing waste water and sewage treatment to residential customers in the Fern Creek area of Jefferson County. Appellee, Louisville–Jefferson County Metropolitan Sewer District, is a municipal corporation with the power to acquire land by eminent domain proceedings pursuant to KRS 76.110. Appellee, as part of its project to expand services into the Fern Creek area, planned to tie into the pipe system that served Appellant's customers. This would render Appellant's facility valueless. Appellee did not plan to pay Appellant, nor did it file an eminent domain action.

Appellant filed this action in the Jefferson Circuit Court asserting federal claims under the 5th and 14th Amendments of the United States Constitution and state claims under Sections 13 and 242 of the Kentucky Constitution relating to the taking of private property for public use without just compensation. Appellant also made a claim pursuant to KRS 65.115 which requires a public corporation that maintains a sewer service to compensate for taking the customers of another sewer service. Appellee filed a motion to dismiss the action for ripeness, as, at that point, Appellee had not yet tied into Appellant's lines. Appellee also argued that the claim under KRS 65.115 should be dismissed because the Court of Appeals had found the statute unconstitutional in *Monticello Co. v. Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet*, Ky.App., 864 S.W.2d 921 (1993).

The trial court granted the motion to dismiss, stating that the record reflected that the taken property had, in fact, been paid for. The Court of Appeals thereafter stated in an unpublished opinion that the ruling below indicated the trial court's con-

---

**1.** KRS 65.115(1) Compensation for sewage treatment utility property—Eminent domain—Surcharge to customers: "The provisions of any other law, rule, or regulation notwithstanding, if any city, county, public body corporate or politic or special district or subdistrict, other than an urban county, furnishes, or proposes to furnish, sewage treatment utility services to customers of another sewage treatment utility by means of all or any part of the installations owned or paid for by such other sewage treatment utility, then such city, county, public body, district or subdistrict taking over or proposing to take over the customers, shall pay just compensation for such installations prior to the time the customers are taken over. If an agreement for compensation is not reached, then just compensation for the installations shall be payable by said city, county, public body, district or subdistrict after condemnation as provided for in the Eminent Domain Act of Kentucky."

fusion between this case and a previous action between the same parties that had been resolved in another division of Jefferson Circuit Court.

The Court of Appeals' opinion focused on KRS 65.115. In *Monticello*, the Court of Appeals deemed the statute special legislation[2], because it exempted urban county government from the provisions of the statute, an exemption which only applied to the Lexington–Fayette Urban County Government. In considering the instant case, the Court of Appeals panel opined that KRS 65.115 could be saved by severing out the unconstitutional language "other than an urban county" and leaving the rest of the statute intact. Thus, in the panel's opinion the *Monticello* decision went too far and Appellant, in fact, had a cause of action. The panel referred the case for *en banc* consideration of this proposition and the entire Court split 7–7 on the question.

The Court of Appeals thereafter recommended transfer to this Court. We denied transfer because the taking had not actually occurred at the time the suit was filed and a judgment dismissing the claim was entered. On reconsideration by the *en banc* panel, the Court of Appeals held that the trial court had dismissed the case "with prejudice" and such a dismissal would operate to foreclose Appellant from

presenting the case when the taking actually did occur.[3] Further, the panel pointed to a notation on the trial court's ruling concerning KRS 65.115:

> An appeal should be taken in this action in regard to the interpretation of KRS 446.090 versus the interpretation of KRS 65.115. The issue of a lack of constitutional standing and the issue of special legislation should be decided by the appellate court.

KRS 446.090[4] deals with severability of unconstitutional provisions from the balance of a statute.

Turning to the KRS 65.115 issue, the panel on reconsideration concluded it was bound by *Monticello, supra*, because a majority of the Court of Appeals had declined to overrule it. The panel then turned to a decision of the United States Court of Appeals for the Sixth Circuit for guidance, *Calvert Investments, Inc. v. Louisville–Jefferson County Metropolitan Sewer District*, 847 F.2d 304 (6th Cir. 1988), which held that the owner of the treatment facility had bare legal title to the pipes. However, the customers had the right of free usage of those pipes. Servicing those customers was deemed to be a mere expectancy and not a protected property interest. *Id.* at 308. Thus, the Court of Appeals panel concluded in this case that Appellant did not have an ave-

2. Ky. Const. § 59 provides that "[t]he General Assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes ...: Twenty-ninth: In all other cases where a general law can be made applicable, no special law shall be enacted." Section 60 provides in part that "[t]he General Assembly shall not indirectly enact any special or local act .... by exempting from the operation of a general act any city, town, district, or county...."

3. The parties have indicated this has since happened.

4. 446.090. Severability. It shall be considered that it is the intent of the General Assembly, in enacting any statute, that if any part of the statute be held unconstitutional the remaining parts shall remain in force, unless the statute provides otherwise, or unless the remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the General Assembly would not have enacted the remaining parts without the unconstitutional part, or unless the remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the intent of the General Assembly.

nue by which to seek compensation. We granted discretionary review to address the concerns raised by *Monticello* and we now affirm the Court of Appeals' decision.

At the outset, we should note that the trial court did not abuse its discretion in determining that the issue was not ripe. Under Kentucky law, before a plaintiff can make a claim of inverse condemnation, there must be an actual taking. *Holloway Const. Co. v. Smith*, Ky., 683 S.W.2d 248, 249 (1984). In *Associated Industries of Kentucky v. Commonwealth*, Ky., 912 S.W.2d 947 (1995), we held that Kentucky courts cannot grant advisory opinions or rule on hypothetical questions, but rather must rule on real disputes. At the time this action was filed, nothing had even arguably been taken.

Notwithstanding, Appellant's claim would still fail based on the KRS 65.115 argument. The Court of Appeals, under KRS 446.090, may have theoretically been able to sever the unconstitutional portion of KRS 65.115, leaving the remainder intact. However, the Court of Appeals held the statute unconstitutional in its entirety in *Monticello*, a fact neither this Court nor the General Assembly has changed in eight years. It is not now appropriate for this Court to revisit the severability of a statute previously held unconstitutional.

What Appellant fails to recognize in arguing that the unconstitutional portions of KRS 65.115 are severable from the remainder of the statute is that KRS 65.115 no longer exists. For 85 years, it has been the law in Kentucky that any statute passed in contravention of the Constitution is void *ab initio*, and any action taken thereunder is a nullity. *City of*

*Henderson v. Lieber's Ex'r*, 175 Ky. 15, 192 S.W. 830 (1917). The effect of the Court of Appeals declaring KRS 65.115 unconstitutional is to render it a nullity. It is impossible to now parse out the unconstitutional pieces of something that does not exist.

We agree with the Court of Appeals that, in the absence of KRS 65.115, the *Calvert Investments, Inc., supra*, rationale is applicable in this case. Appellant has no protected property interest in providing sewage treatment services to the Fern Creek customers, it has but a mere expectancy. Therefore, we affirm the Court of Appeals in its opinion that the trial court properly granted summary judgment in favor of the Louisville–Jefferson County Metropolitan Sewer district.

LAMBERT, C.J., COOPER, GRAVES, JOHNSTONE, STUMBO, and WINTERSHEIMER, JJ., concur.

KELLER, J., dissents in a separate opinion.

KELLER, Justice, dissenting.

For several reasons, I respectfully dissent. I would reconsider the constitutionality of KRS 65.115 in light of KRS 446.090, overrule *Monticello Co. v. Commonwealth of Kentucky, Natural Resources and Environmental Protection Cabinet*,[1] reverse the decision of the Court of Appeals in this case, and remand this action to the trial court for it to resolve the merits of Appellant's KRS 65.115 claim. Although I agree with the majority of this Court and with the Court of Appeals that the trial court correctly dismissed Appellant's constitutional, inverse (or reverse)[2]

---

1. Ky.App., 864 S.W.2d 921 (1993) (hereinafter "*Monticello*").

2. *See Jones v. Commonwealth, Transp. Cabinet, Dept. of Highways*, Ky.App., 875 S.W.2d

892, 893 (1993) ("Ordinarily, the law of eminent domain requires that prior to such a 'taking' occurring that land be condemned. Appellant's however, brought this action as a

condemnation claim because that claim was not yet ripe, I believe the trial court erred when it dismissed that claim "with prejudice," and I would reverse the Court of Appeals and remand that claim to the trial court with instructions for it to dismiss the claim *without* prejudice.

First, I observe that the majority proceeds from a mistaken belief that "KRS 65.115 no longer exists."[3] This belief is simply not factually correct. The General Assembly enacted KRS 65.115,[4] and only the legislature has the power to repeal that statute and remove it as part of the Commonwealth's statutory law.[5] As an inspection of Volume Four of the Official Edition of the Kentucky Revised Statutes will reveal, the General Assembly has not repealed KRS 65.115, and that statute remains an enacted law in this Commonwealth. Although I recognize that, in *Monticello*, the Court of Appeals declared KRS 65.115 unconstitutional, I cannot agree with the majority's assertion that "[o]nce an appellate court has declared a statute unconstitutional in its entirety, the statute cannot thereafter provide any

rights or powers under Kentucky law,"[6] nor can I endorse the majority's conclusion that the *Monticello* decision wiped KRS 65.115 from the books. The *Monticello* decision held that KRS 65.115's unconstitutionality rendered that provision unenforceable, but that holding does not prevent this Court from revisiting the statute's unconstitutionality.

While I have concerns about the practical consequences of the majority's conclusion,[7] my most significant concern is that the majority cites no authority to support its contention that a prior appellate determination finding a statute unconstitutional prevents the judiciary from reconsidering that prior determination unless and until the General Assembly chooses to reenact the legislation. And, in fact, I would observe that prior opinions addressing the constitutionality of certain statute of limitations provisions[8] provide ample evidence that the judiciary has the power to reconsider a previous holding declaring a statute unconstitutional. In 1973, in *Saylor v. Hall*,[9] our predecessor held that these limi-

'reverse condemnation' action. A 'reverse condemnation' action differs from an ordinary condemnation action in that the land has already been taken by the government."); *Commonwealth, Dept. of Highways v. Davidson*, Ky., 383 S.W.2d 346 (1964).

3. Majority Opinion, 72 S.W.3d 918, 921 (2002).

4. 1986 Ky.Acts, ch. 445, § 1, effective July 15, 1986.

5. KY. CONST. §§ 27 & 28.

6. Majority Opinion, *supra* note 3 at 919.

7. For instance, if a circuit court, sitting as an appellate court, *see* KY. CONST. § 112(5); CR 72, *et seq.*; RCr 12.02, holds a legislative enactment unconstitutional and the Court of Appeals either denies discretionary review or no party seeks discretionary review, the majority's logic would dictate that the statute is void and unenforceable throughout the Com-

monwealth despite the fact that almost no one in the state would know about the circuit court's unpublished holding.

8. KRS 413.120(14) [now KRS 413.120(13)] and KRS 413.135(1); *See* 1964 Ky.Acts, ch. 124, § 1; 1966 Ky.Acts, ch. 246. These provisions, described as "no action" statutes, provided home builders and those persons engaged in the "design, planning, supervision, inspection or construction of any improvement to real property" with immunity from suit for damages or injuries caused by any deficiency after the expiration of five (5) years from occupancy and/or substantial completion of improvements.

9. Ky., 497 S.W.2d 218, 225 (1973) ("[The provisions] cannot be applied to bar the plaintiffs' claims in this action. Such application is constitutionally impermissible in this state because it would violate the spirit and language of Sections 14, 54, and 241 of the Constitution of Kentucky....").

tations provisions violated the Kentucky Constitution and accordingly declared the statute unconstitutional. Nine (9) years later, in *Carney v. Moody*,[10] this Court revisited the issue, concluded that the provisions were not constitutionally infirm, and applied them to the pending case. Yet, another four (4) years later, this Court again revisited the issue in *Tabler v. Wallace*[11] and once again declared the provisions unconstitutional, although on different constitutional grounds:

> *Carney v. Moody* reached an opposite result from *Saylor v. Hall* while conceding that there was no "factual distinction" and without overruling it.
>
> We need not write Chapter Three to *Saylor v. Hall* and *Carney v. Moody.* The inquiry has shifted from whether the statute is arbitrary and discriminatory, to constitutional issues not discussed in those opinions, equal protection and special legislation.[12]

Through all of this litigation, however, the statutes remained on the books until they were amended by subsequent legislation.[13]

Accordingly, KRS 65.115, like the statute of limitations provisions addressed in the opinions discussed above, was not erased from the books by the Court of Appeals' decision in *Monticello* but remains part of our body of statutory law, albeit unenforceable unless resuscitated by a decision of this Court. Therefore, it is now appropriate for this Court to review—

for the first time—issues concerning the constitutionality of KRS 65.115.[14]

I would overrule *Monticello* because the Court of Appeals failed to consider KRS 446.090, which requires us to uphold the constitutionality of a legislative enactment, if possible, by severing the unconstitutional portions while leaving the remainder in force. Although the Court of Appeals panel that decided this case below recognized the *Monticello* court's oversight, the panel's "hands were tied" by the previous, equally-divided en banc decision declining to overrule *Monticello.* Nevertheless, the Court of Appeals opinion in this case addresses *Monticello*'s error. Because the panel's analysis adequately expresses my views, I see no reason to "reinvent the wheel" in this dissenting opinion. Thus, I will adopt the panel's analysis:

> Spanish Cove urges us to sever the unconstitutional portion of KRS 65.115 from the remainder of the statute and uphold its constitutionality. Because *Monticello* declared the entire statute unconstitutional as special legislation, we may not do so without overruling *Monticello.* This panel would overrule *Monticello* and revive KRS 65.115 except for the portion of it that was unconstitutional as special legislation. However, a majority of the entire Court of Appeals, after considering this issue en banc, refused to do so. We are therefore bound

---

**10.** Ky., 646 S.W.2d 40 (1982) ("[T]he statutes do not violate the constitutional provisions.").

**11.** Ky., 704 S.W.2d 179 (1985), *cert. denied,* 479 U.S. 822, 107 S.Ct. 89, 93 L.Ed.2d 41 (1986).

**12.** *Id.* at 187.

**13.** 1986 Ky.Acts, ch. 479, § 1, effective July 15, 1986; *repealed and reenacted,* 1990 Ky. Acts, ch. 425, § 4, effective July 13, 1990.

**14.** Under the majority's rationale that it is not appropriate for this Court to revisit a statute previously held unconstitutional by a final decision of an appellate court, we are in effect adopting a rule that this Court is bound to follow the precedents of the Court of Appeals. While the converse is certainly true; "[t]he Court of Appeals is bound by and shall follow applicable precedents established in the opinions of the Supreme Court[.]" SCR 1.030(8)(a), I can find no authority supporting the position adopted today.

by *Monticello* which declares the entire statute unconstitutional.

The basis of this court's decision in *Monticello* was that the statute was unconstitutional as special legislation because it excluded urban county governments from its scope. Although KRS 65.115(2) grants the power of eminent domain with respect to sewage treatment plants, facilities, and installations owned by sewage treatment facilities to any city, county, public body corporate or politic or special district or subdistrict, KRS 65.115(1) exempts urban counties from paying just compensation for the use of privately-owned installations prior to the time the customers are taken over as is required of all other public bodies. As the *Monticello* court held, this is special legislation in violation of Sections 59 and 60 of the Kentucky Constitution. Having properly determined that KRS 65.115 contained an unconstitutional portion which constituted special legislation, the *Monticello* court did not take the next step and determine whether the unconstitutional portion of the statute could be severed, thereby leaving the remainder of the statute intact.

In the opinion of this panel, KRS 446.090 was clearly applicable. KRS 446.090 states:

It shall be considered that it is the intent of the general assembly, in enacting any statute, that if any part of the statute be held unconstitutional the remaining parts shall remain in force, unless the statute provides otherwise, or unless the remaining parts are so essentially and inseparably connected with and dependent upon the unconstitutional part that it is apparent that the general assembly would not have enacted the remaining parts without the unconstitutional part, or unless the remaining parts, standing alone, are incomplete and incapable of being executed in accordance with the intent of the general assembly.

As KRS 446.090 applies to KRS 65.115, we first note that the latter statute does not provide that the entire statute should be determined to be unconstitutional if any portion of it is so declared. Next, we note that the five-word phrase "other than an urban county" is neither essential nor inseparably connected and dependent upon the constitutional portion such that the general assembly would not have enacted the statute without it. This very rationale was applied by this court to a statute regarding horse racing in *Tri–City Turf Club, Inc. v. Public Protection & Regulation Cabinet*, Ky.App., 806 S.W.2d 394, 397 (1991). This panel believes that this court's decision in *Monticello* was too broad in declaring KRS 65.115 unconstitutional in its entirety and that the statute should have been held to remain in force after severing the unconstitutional portion concerning urban county governments under the tenets of the *Tri–City* case and KRS 446.090. (footnotes omitted)

For the reasons well-articulated by the Court of Appeals, I would overrule *Monticello* and revive the constitutional parts of KRS 65.115. Although the trial court's judgment dismissing Appellant's KRS 65.115 claim may have been correct under the *Monticello* holding, I believe that *Monticello* incorrectly declared KRS 65.115 unconstitutional in its entirety, and I would thus remand Appellant's statutory claim to the trial court for resolution of its merits.

As to Appellant's other claim—inverse (or reverse) condemnation premised on protections contained within the state and federal constitutions—I agree with the majority that the trial court properly dis-

missed Appellant's action because such claims will not ripen until an actual taking has occurred.[15] In my opinion, however, the trial court erred when it dismissed this claim "with prejudice"—thereby precluding Appellant from later asserting a reverse condemnation claim after an actual taking—and the majority offers an advisory opinion when it affirms the view of the Court of Appeals that, even if the claim was ripe, Appellant would have no recognizable property interest to assert. In my opinion, the record at this stage of the proceedings does not permit the inference that the factual issues in this case—particularly those relating to the Appellant's ownership interest in the sewer pipe system that served Appellant's customers— are "on all fours" with *Calvert Investments, Inc. v. Louisville–Jefferson County Metropolitan Sewer District.*[16] This deficiency leaves this Court facing the same quandary as the Court in *Louisville and Jefferson County Metropolitan Sewer Dist. v. Tarrytowne Sanitation Co.*:[17]

> The big question is, what is being taken? *This will generally be determined by the circumstances in each particular case.* There are several relevant questions. Is the acquisition merely the dedicated public easements containing sewer lines which have been fully paid for by the abutting and using property owners? Is the acquisition an established utility and profitable business? Or, is it something in between? Who owns the easements, if anyone? Who will provide the access to the existing easements, if access is necessary? *We do not have all of the answers or even all of the questions.*[18]

Accordingly, I believe factual issues remain which make summary judgment on Appellant's inverse (or reverse) condemnation claim improper in the case's current posture.

For the above reasons, I would reverse the decision of the Court of Appeals and: remand this action to the trial court for it to: (1) resolve the merits of Appellant's KRS 65.115 claim; and (2) dismiss Appellant's inverse (or reverse) condemnation claim *without* prejudice.

---

15. *Jones v. Commonwealth, Transp. Cabinet, Dept. of Highways, supra* note 2 at 893 ("From the very nature of a 'reverse condemnation' action there can be no breach of the implied promise to pay until first there has been a compensable 'taking.' ").

16. 847 F.2d 304 (6th Cir.1988).

17. Ky.App., 818 S.W.2d 267 (1991).

18. *Id.* at 268 (emphasis added).