San Juan C. ROMERO, Marta West, and Tyler West, Individually and as Representative of All Members of the Kentucky Association of Judiciary Interpreters, Movants,

v.

ADMINISTRATIVE OFFICE OF THE COURTS, Respondent.

No. 2004–SC–000913–OA.

Supreme Court of Kentucky.

March 17, 2005.

As Modified March 21, 2005.

San Juan C Romero, Ft. Wright, Marta West, Tylor West, Frankfort, for Movants.

D. Scott Furkin, D. Brent Irvin, Assistant Attorney General, Civil Environmental Law Division, Office of the Attorney

General, & Frankfort, Counsel for Respondents.

## OPINION AND ORDER

### I. INTRODUCTION

Movants are freelance court interpreters who seek review of "Supreme Court Amended Order 2004–3,"[1] which made substantial changes to the procedures of the Kentucky Court of Justice ("KCOJ") concerning the appointment of court interpreters. Movants request that the amended order be set aside because they claim that it was entered without notification to them and thus "violates the Constitutional rights of Movants to Due Process." We hold that because Movants, as freelance court Interpreters, only had a mere expectancy in continued employment as court interpreters and thus not a property interest protected by due process, no violation of their due process rights occurred with the entry of the amended order. Accordingly, we deny Movants' petition for review.

### II. BACKGROUND

In an effort to control the rising costs of Interpretive services funded by the Administrative Office of the Courts ("AOC") and to assure the quality of services provided by court interpreters, on September 28, 2004, the Chief Justice substantially amended Part IX, Procedures for Appointment of Interpreters, of the Administrative Procedures of the Court of Justice ("Administrative Procedures") by entering an order captioned "Supreme Court Amended Order 2004–3" (hereinafter referred to as "September Amended Order"). The September Amended Order was effective October 1, 2004. Prior to the amendment, *all* court interpreters provided their services as independent contractors, i.e., as freelance interpreters, and were not regular employees of the Commonwealth. Interpreters established their hours and specified the counties in which they would work, and court administrators or other court officers would contact interpreters as needed. In other words, interpreters worked for KCOJ strictly on an as-needed basis. The interpreters were paid on an hourly basis and received travel pay. With the September Amended Order, however, the Chief Justice created several full-time, salaried positions for interpreters in regions of the state with the highest demand for interpretative services. Any additional interpretative services for KCOJ would be provided on an hourly basis by freelance interpreters approved by AOC. The September Amended Order primarily established criteria for interpreters to meet before they could be approved by AOC as a court interpreter, established standardized billing procedures for freelance interpreters, and discontinued travel pay for freelance interpreters.

In response to these changes, Movants, proceeding pro se as individual court interpreters and on behalf of all members of

---

1. Although the parties refer to the order as "Supreme Court Amended Order," the Administrative Procedures of the Court of Justice are not generally adopted by the Supreme Court of Kentucky, but rather they are usually promulgated solely by the "Chief Justice of the Commonwealth" under his authority as "the executive head of the Court of Justice." *See* KY. CONST. § 110(5)(b). Administrative procedures promulgated by the Chief Justice have the force and effect of law if they are not inconsistent with enabling provisions of the Constitution, with enabling statutes, and with rules adopted by the Supreme Court. *Faust v. Commonwealth*, 142 S.W.3d 89, 98 (Ky. 2004). Needless to say, however, administrative procedures that are also approved by the Supreme Court have the same force and effect as rules promulgated by the Supreme Court under its rule making authority. *See* KY. CONST. § 116.

the Kentucky Association of Judiciary interpreters, filed a petition for review of the September Amended Order. They essentially alleged a violation of their due process rights, claiming that the procedures were amended without notice to or input from them.

In order to address interpreters' objections to the September Amended Order, AOC, acting on behalf of the Chief Justice,[2] held several meetings in November 2004. Two separate groups of Interpreters for the deaf and hard of hearing presented AOC with written lists of concerns about the amendment. Movants agreed to provide AOC with their list of concerns by November 22, 2004, but did not submit it until the next day. AOC reviewed the written concerns, and the Chief Justice again amended the Administrative Procedures on appointment of interpreters by entering another order on November 24, 2004 (hereinafter referred to as "November Amended Order"), which had an effective date of December 1, 2004. The No-vember Amended Order significantly amended the procedures set forth in the September Amended Order by allowing payment for time spent waiting to interpret, and in some circumstances time spent preparing to interpret, and by reinstating travel pay for freelance interpreters. Although the Movants' petition only sought review of the September Amended Order which has been superseded by the November Amended Order and no longer exists, our analysis applies in both amended orders.

## III. ANALYSIS

Both the United States and Kentucky Constitutions protect a person against deprivation of his or her property interests without due process of law. A person's legitimate claim of entitlement to continued employment is a property interest.[3] But "an abstract need or desire for [employment]" or merely "a unilateral expectation of it" is not a property interest.[4]

---

2. *Covington v. Court of Justice ex rel. Administrative Office of the Courts,* 784 S.W.2d 180 (Ky.1990) ("The AOC is the staff for the Chief Justice in executing the policies and programs of the Court of Justice."); *accord* KY. CONST. § 110(5)(b) ("[The Chief Justice] shall appoint such administrative assistants as he deems necessary."); KRS 27A.050 ("The Administrative Office of the Courts is created to serve as the staff for the Chief Justice in executing the policies and programs of the Court of Justice. The director of the Administrative Office of the Courts, employees thereof, and administrative assistants of the Chief Justice shall serve at the pleasure of the Chief Justice."); *Martin v. Administrative Office of Courts,* 107 S.W.3d 212, 214 (Ky.2003) ("The Administrative Office of the Courts ... [is] an inseparable part of the Office of the Chief Justice. ...").

3. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct., 2701, 2709, 33 L.Ed.2d 548 (1972); *Kraus v. Ky. State Senate,* 872 S.W.2d 433 (Ky.1993) (where Administrative Law Judge nominee had a sufficient in-terest to challenge the Senate's rejection of his nomination because he had more than an expectation of employment).

4. *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709; *see Perry v. Sindermann,* 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972) ("a mere subjective expectancy" of employment is not protected by procedural due process); *Nunez v. Simms,* 341 F.3d 385, 391 (5th Cir. 2003) ("In [*Perry*], the Supreme Court held that a mere subjective 'expectancy' is not liberty or property protected by the Due Process Clause. Therefore, regardless of what Nunez's subjective expectation was, it would not have been objectively reasonable for her to believe, at the time of entering into the contract, that her entitlement to teach would extend beyond the point that her certification expired by its own terms. In addition, as a temporary employee, plaintiff did not possess a property interest in her employment and was not entitled to the due process safeguards."); *Geddes v. Northwest Mo. State Univ.,* 49 F.3d 426, 429 (8th Cir.1995) ("Absent unusual circumstances, a teacher in a

In other words, "[f]or a property interest to arise, a government employee must have a 'legitimate claim of entitlement' to continued employment, as opposed to a mere subjective expectancy." [5]

■ In a series of memoranda from Kathy Schiflett, AOC's Statewide Court Interpreter Service Coordinator, to court interpreters,[6] Ms. Schiflett describes the relationship of court interpreters with AOC and KCOJ:

> May 21, 2002: All certified and/or appropriately qualified court interpreters will be included on the Statewide List of AOC Recommended interpreters, which will be used by the COJ to hire court interpreters.

> January 2, 2003: Court Interpreters, both qualified and certified, are freelance workers. They are not full-time or part-time employees of the KCOJ or AOC, Court interpreters are paid by the hour, and receive travel mileage when they have traveled outside their county

of residence, As a certified or qualified freelance interpreter, you will be able to determine which counties you wish to work in and when you are available. Once you are classified as a qualified or certified interpreter, your information will be listed in the court interpreting directory. The KCOJ or AOC uses the directory to obtain court interpreters when needed . . . . There is no guarantee that you will be called, or that you will have enough business to have a reliable Income.

> June 26, 2003: According to the Administrative Office of the Courts' (KAOC) policy, all court interpreters are to be appointed or requested by the KCOJ as freelance workers. As a court interpreter, you are not a full-time or part-time employee of the KCOJ or the KAOC; and are, therefore, not entitled to the same benefits and privileges as KCOJ and KAOC employees.

> July 22, 2003: As a freelance court interpreter, you have been given an oppor-

position without tenure or a formal contract does not have a legitimate entitlement to continued employment."); *Richey v. City of Lilburn,* 127 F.Supp.2d 1250, 1261 (N.D.Ga. 1999) ("Plaintiffs were not entitled to due process because they lacked a constitutionally protected property right in their employment since there is no genuine controversy of fact that plaintiffs were not tenured, career or regular employees but rather transitory and/or fixed-term contract employees."); *Spanish Cove Sanitation, Inc. v. Louisville-Jefferson County Metropolitan Sewer Dist.,* 72 S.W.3d 918, 921 (Ky.2002) ("Appellant has no protected property interest in providing sewage treatment services to the Fern Creek customers, it has but a mere expectancy."); *Dumesnil v. Reeves,* 283 Ky. 563, ——, 142 S.W.2d 132, 135–136 (1940) ("Since the beneficiary in the policies in question here acquired no vested right but only a mere expectancy by being designated as beneficiary we fail to see wherein the statute in question, when applied to the policies in controversy, impairs the obligation of a contract or results in a violation of the due process clause of the

14th amendment to the Federal Constitution or any provision of our state constitution."); 16B AM. JUR. 2D *Constitutional Law* § 586, at 46–47 ("To constitute a violation of the provision against depriving any person of his or her property without due process of law, it should appear that such person has a property in the particular thing of which he or she is alleged to have been deprived, it is only a vested right which cannot be taken away except by due process of law. A mere subjective 'expectancy' is not an interest in property protected by procedural due process. To have a property interest in a benefit protected by procedural due process, a person must have more than an abstract need or desire for it, and he or she must have more than a unilateral expectation of it; in short, he or she must have a legitimate claim of entitlement to it." (footnotes omitted)).

5.  *Batra v. Board of Regents of University of Nebraska,* 79 F.3d 717, 720 (8th Cir.1996).

6.  The memoranda are attached as exhibits to the Response to the Petition for Review.

tunity to indicate which counties you wish to work in and when you are available. Your Information has been listed in the electronic court interpreting directory. The KCOJ or the AOC uses the electronic directory to obtain court interpreters when needed. There is no guarantee that you will be called, or that you will have enough business to have a reliable income. The AOC does not promote the business of freelance or contract workers, including court interpreters.

October 29, 2003: Court Interpreters are freelance workers. They are not full-time or part-time employees of the Kentucky Court of Justice (KCOJ) or AOC. Court Interpreters are paid by the hour. They are able to determine which counties they wish to work in and when they are available. Once you have met all the qualification requirements, your information will be listed in the court-interpreting directory. The KCOJ or AOC uses the directory to obtain court Interpreters when needed .... There is no guarantee that you will be called, or that you will have enough business to have a reliable income.

Clearly, Movants' relationship with the KCOJ and AOC is best characterized as that of a freelance worker or Independent contractor. An independent contractor is defined as

generally, one who, in exercise of an Independent employment, contracts to do a peace of work according to his own methods and is subject to his employer's control only as to end product or final result of his work .... One who renders service in course of self employment or occupation, and who follows employer's desires only as to results of work, and not as to means whereby it is to be accomplished.[7]

"Freelance" is defined as a "person, usually self-employed, offering services on a temporary basis, especially to several businesses, etc., for particular assignments."[8] These definitions are consistent with our case law.[9]

Generally, Independent contractors and freelance workers have a continued interest only in the specific project they have already been hired to do. Once a specific project is completed this interest no longer exists.[10] Accordingly, as independent contractors or freelance workers, Movants have at most a mere expectancy of future employment by AOC—not a right to continued employment[11]—and consequently

7. BLACK'S LAW DICTIONARY 770 (6th ed.1990).

8. THE OXFORD AMERICAN DESK DICTIONARY AND THESAURUS 321 (2nd ed.2001).

9. See e.g., Bright v. Reynolds Metals Co., 490 S.W.2d 474 (Ky.1973); Barnes v. Indian Refining Co., 280 Ky. 811, 134 S.W.2d 620 (1939); Bowen v. Gradison Const., Co., 236 Ky. 270, 32 S.W.2d 1014 (1930); Williams v. Nat'l Cash Register Co., 157 Ky. 836, 164 S.W. 112 (1914); Messmer v. Bell & Coggeshall Co., 133 Ky. 19, 117 S.W. 346 (1909).

10. See 41 AM. Jur. Independent Contractors §§ 1–5 (1995).

11. In explaining the nature of a freelance worker, the Superior Court of Massachusetts stated as follows: "The Globe, for any reason, could decide that it no longer wished to publish the work of a freelancer, and a freelancer, for any reason, could decide that she no longer wished to work in the Globe. Neither could claim a breach of contract from the termination by the other of their freelance relationship .... The Globe at any time could have told any freelancer that her work was no longer welcome, or that future work would be paid at a lower rate, or that future work would be accepted only if she surrendered, in whole or in part, her copyright on that work. In other words, the Globe's relationship with its freelancers was more akin to dating than to marriage." Marx v. Globe Newspaper Co., 2002 WL 31662569, *6, *7, 15 Mass.L.Rptr. 400 (Mass.Super.Ct.2002).

they do not have a property interest entitled to due process protection. Thus, having no legitimate claim of continued employment, Movants were not deprived of a property Interest without due process of law.

## IV. CONCLUSION

For the above stated reasons, the Petition for Review is denied.

COOPER, GRAVES, JOHNSTONE, KELLER and SCOTT, JJ., concur.

WINTERSHEIMER, J., dissents without opinion.

LAMBERT, C.J., not sitting.

ENTERED: March 17, 2005.

/s/ Martin E. Johnstone
DEPUTY CHIEF JUSTICE